## Edward Graves, Appellee, v. John Berner, Appellant.

## Gen. No. 5531.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Action commenced before justice of the peace. Appeal from the Circuit Court of Marshall county; the HON. T. N. GREEN, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

FRED W. POTTER, for appellant.

BARNES & MAGOON, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

Edward Graves brought suit before a justice of the peace against John Berner to recover for wages claimed to be due him as a farm hand. The plaintiff recovered a judgment before a justice. The defendant appealed to the circuit court where a verdict was returned and judgment again rendered in favor of plaintiff for $82. The defendant again appeals and his only contention in this court is that the judgment is contrary to the weight of the evidence.

Appellant is a farmer who also runs a threshing machine, threshing grain after harvest for his neighbors. Appellee testified that he began working as a farm hand for appellant March 21, 1910, and that the agreement was that he was to work until threshing time at $30 per month and that appellant was to teach him how to run the threshing engine and he was to run it and get $3 per day for running the engine while threshing. When threshing time came, appellee ran the engine a few days, when appellant hired another man to run the engine claiming appellee did not oil it properly. Appellant then put appellee at running the blower. After appellee had worked on the blower a number of days he said to appellant that he could not stand that work, that it was too dirty and made his nose bleed. He said to appellant "You didn't hire me to run the blower, you hired me to run the engine, I am willing to run the engine." Appellant said to him, "If you are not going to run the blower you can quit;" appellee said, "All right I will quit" and appellant said "I will settle up with you;" appellee replied, "All right, you can't settle up with me too quick," when

appellant said "I won't pay you until after corn picking."

Appellant testified that appellee agreed to work for him during the farming season of 1910 for $30 a month straight, until after corn picking; that he told him he could run the engine through threshing if he was competent to run it; that he ran it first rate for a while but did not oil it enough so he hired another engineer, and put appellee at running the blower, and that he did not discharge him but appellee quit and he told him he would settle up with him but he would not get his money until after corn picking. There was testimony by other witnesses that appellee, when running the engine ran it very well, and that appellant told appellee if he did not want to run the blower he would settle with him.

The evidence is clear that appellant discharged appellee and agreed to settle with him. The sum of $82 is the balance that was due him at $30 per month and appellee by his own evidence has waived his right to insist on the full performance of a contract to work until after corn picking at $30 per month as he claims the contract was.

A jury might reasonably find the contract was as appellee testified it was, that during threshing he was to run the engine and have three dollars per day. A man employed to do ordinary farm work at monthly wages would not reasonably be expected to work at the tail end of a threshing machine for several weeks at the same wages as are paid for ordinary farm work. It was also a question to be submitted to the jury on the evidence whether appellant had the right to insist on a man, employed for ordinary farm labor, following appellant's threshing machine around the country and working all the time at the blower. If it made his nose bleed by reason of the continuous dust and dirt he had the right to object to working there all the time, and he was wrongfully discharged and had

the right to sue for his wages, but the appellant has not raised the question whether the suit was prematurely brought or not. The only questions raised are (1) as to the terms for which appellee was hired and the compensation and (2) whether appellee left appellant without just cause or did appellant discharge him without just cause. The jury might reasonably find for appellee on the conflicting evidence and having found in his favor, no good reason is presented for this court disturbing the verdict and judgment. The judgment is affirmed.

*Affirmed.*